Filed 9/29/22  P. v. Felix CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080432 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF017408) |
| FABIAN FELIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Fabian Felix, in pro. per.; and Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2010, a jury convicted Fabian Felix of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found he had personally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)).  The jury also found the alleged special circumstance of lying-in-wait and murder

---

[1]    All further statutory references are to the Penal Code.

during a robbery to be true (§ 190.2, subds. (a)(15) & (17)). Felix was sentenced to prison for life without parole.

Felix appealed and this court reversed the lying-in-wait and murder during a robbery special circumstance. (*People v. Felix* (Jan. 31, 2013, D059719.) Thereafter, Felix was resentenced to a total indeterminate term of 50 years to life.

In 2021, Felix filed a petition for resentencing under section 1170.95 (now renumbered § 1172.6). The court appointed counsel, and ultimately issued an order to show cause. The parties submitted the evidentiary hearing on written briefs. The trial court found the evidence proved Felix was the actual killer and was thus ineligible for resentencing.

Felix filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Felix the opportunity to file his own brief on appeal and he has responded with a written submission. We will address Felix's brief below.

## STATEMENT OF FACTS

Appellate counsel has submitted an accurate summary of the facts of the offense. Given the court's finding the record demonstrates Felix was the shooter, we believe the summary provides helpful background information. We incorporate the summary from the Felix's opening brief.

"The following statement of facts, which is based on the reporter's transcripts of [Felix]'s trial submitted as exhibits in the prosecution's opposition to the petition, is limited to the evidence relevant to the issue

presented in this petition, i.e., whether [Felix] is guilty of first degree murder under current law.

"Juan [M.] had known [Felix] for 10 years and was married to [Felix]'s sister, Rosa. [Juan] had been earning a living by selling marijuana for the past seven to eight years. Throughout that time, he had bought marijuana from [Felix] and sold it to him. [Juan] had seen the victim, Pedro [G.], on one occasion when [Felix] came to [Juan]'s house to drop off some marijuana but did not know [Pedro] personally.

"In early October 2005, [Felix], his brother Alfredo and his cousin Cristobal came to visit [Juan]. [Felix] was driving a white Dodge Magnum, which he had rented.

"[Felix], Alfredo and Cristobal discussed a plan to rob someone of his marijuana. [Felix]'s plan was for [Felix] and Alfredo to pick up the victim in [Felix]'s car, get him to bring the marijuana with him and drive to an apartment complex. There, [Juan] and Cristobal were to run to the passenger side of the car and beat up the victim while [Felix] and Alfredo drove off with his marijuana. They did not plan to kill the victim. [Felix] and Alfredo both had handguns. One gun was a nine-millimeter and the other was a .45 caliber.

"Before leaving to perpetrate the robbery, [Felix], saying he didn't want to carry a nine-millimeter firearm, gave that gun to Alfredo and took Alfredo's .45 caliber Ruger. [Felix] and Alfredo then left and [Felix] told [Juan] to wait for his call.

"[Juan] and [Felix] exchanged phone calls until [Felix] said it was time to come to the apartment complex. [Juan] and Cristobal drove to the complex in [Juan]'s car and after 15 minutes, [Felix] arrived, driving the Dodge

3

Magnum. [Pedro] was in the front passenger seat, and Alfredo was behind him in the back seat.

"After [Felix] parked in the carport, [Juan] and Cristobal began walking toward the Dodge Magnum. [Juan] saw Alfredo put [Pedro] in a headlock from behind and hold a gun to his head. When [Juan] and Cristobal got to within 12 feet of the car, [Juan] saw [Felix] turn to his right and face the victim, then heard one gunshot.

"The passenger door opened and the victim fell (or got pushed) out of the car. Alfredo exited the vehicle and entered the front passenger seat and Cristobal got into the back seat. [Juan] ran back to his car and drove home. Ten minutes later, [Felix] arrived in the Dodge Magnum with Alfredo and Cristobal. [Felix] seemed scared and nervous. He and Alfredo got into an argument about what had happened. [Juan] did not see any blood on [Felix]. After ten minutes, [Felix] and Cristobal left; Alfredo stayed at [Juan]'s house for the next few days. [Juan] had expected [Felix] to leave the victim's marijuana with him, but [Felix] took it and dropped it off with another contact in Moreno Valley.

"The forensic pathologist who conducted the autopsy found perforations to the left sleeve and chest of the victim's shirt. There was an entrance gunshot wound to the left forearm and a 'shored' exit wound on the inside of the left forearm, indicating that it was pressed up against something. A second entrance gunshot wound was found to the left side of the chest. The bullet, which was a large caliber, was removed during the autopsy.[2]

"The cause of death was a gunshot wound to the left arm and chest. The arm and the chest wounds represent a single wound path with the bullet entering the back of the left forearm, going through the forearm and into the

---

2      "The murder weapon was never recovered."

4

chest.  The directional path was from left to right and upward and was consistent with the arm being up against the chest at the time the shot was fired."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has submitted a possible issue that was considered in evaluating the merits of this appeal:  Does the jury's true finding under section 12022.53, subdivision (d) preclude relief under section 1170.95?

Felix has also filed a written submission.  It is largely based on matters not in the record.  He complains that appointed counsel was ineffective and that he reported counsel to the State Bar.  He would like the matter to be remanded for a new hearing so he could address the question of who did the shooting.  We have reviewed his submission, but do not find that it raises any arguable issues for reversal on this appellate record.

We have reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Felix on this appeal.

## DISPOSITION

The order denying Felix's petition for resentencing under now renumbered section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.